IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

MICHAEL ANDRE ARTIS,

    Petitioner,

v.                                                            Civil Action No. 3:09cv794

WILLIAM ROOTS, JR. *et al.*,

    Respondents.

## MEMORANDUM OPINION

Michael Andre Artis, a former Virginia prisoner proceeding *pro se*, filed this 28 U.S.C. § 2254[1] petition ("Petition") to challenge his conviction for driving under the influence of alcohol, second offense. (Docket No. 1.) Artis asserts four claims for relief, which the Court restates as follows:

| | |
|---|---|
| Claim 1 | Counsel rendered ineffective assistance; |
| Claim 2 | Prosecutors violated Artis's right to due process[2] by withholding evidence and introducing false testimony; |

---

[1] 28 U.S.C. § 2254(a) states in relevant part:

> The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.

28 U.S.C. § 2254(a).

[2] "No State shall ... deprive any person of life, liberty, or property, without due process of law...." U.S. Const. amend. XIV, § 1.

Claim 3       Officer Paddleford obstructed justice and made false statements, violating Artis's due process and equal protection[3] rights; and,

Claim 4       Counsel failed to secure forensic examiners for cross-examination, denying Artis his rights under the Confrontation Clause.[4]

Respondent filed a motion to dismiss (Docket No. 7 ) and Rule 5 answer (Docket No. 8), providing Artis with appropriate *Roseboro*[5] notice (Docket No. 10). Respondent contends that the Court lacks subject matter jurisdiction over Artis's claims because, when the instant petition was filed, Artis was not "in custody" for the purposes of 28 U.S.C. § 2254. (Respt.'s Br. Supp. Mot. Dismiss & Rule 5 Answer ("Respt.'s Br."), ¶¶ 12-14.) Artis has responded (Docket No. 12) and filed a brief in support of his response ("Petr. Br.") (Docket No. 13). The matter is ripe for disposition. The Court exercises jurisdiction pursuant to 28 U.S.C. §§ 636(c) and 2254.

Because Artis was not in custody for the purposes of 28 U.S.C. § 2254 when he filed his Petition, the Court will GRANT Respondent's Motion to Dismiss (Docket No. 7) and DENY the Petition (Docket No. 1.)

## I. Procedural Background

On June 27, 2007, a jury in the Circuit Court for the City of Newport News ("Circuit Court") convicted Artis of the misdemeanor offense of driving under the influence ("DUI"), second offense within ten years. (Respt.'s Br. ¶ 2 & Ex. A.) On September 13, 2007, the Circuit Court sentenced Artis to one year in jail and a $1,500 fine. (Respt.'s Br. ¶ 3 & Ex. A at 7.) The

---

[3] "No State shall . . . deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV, § 1.

[4] "In all criminal prosecutions, the accused shall enjoy the right . . . to be confronted with the witnesses against him. . . ." U.S. Const. amend. VI.

[5] *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975).

2

Court also suspended Artis's driver's license for three years, but allowed Artis to obtain a restricted license provided certain conditions were met. (Respt.'s Br. ¶ 3 & Ex. B.)

Artis was released from the Newport News City jail on December 24, 2007. (Respt.'s Br. Ex. E.) Artis was released from custody by the Commonwealth of Virginia sometime before December 2009. (Respt.'s Br. Ex. F, Hastings Aff.) On December 16, 2009, Artis filed this Petition. Artis sent his Petition listing his return address as a P.O. Box in Aulander, North Carolina.

## II. Analysis

### A. The "In Custody" Requirement of 28 U.S.C. § 2254

The federal habeas corpus statute authorizes courts to grant relief only to "a person *in custody* pursuant to the judgment of a State court only on the ground that he is *in custody* in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a) (emphasis added). Although a petitioner who files a habeas petition while incarcerated pursuant to the challenged judgment always meets the "'in custody' requirement," *Spencer v. Kemna*, 523 U.S. 1, 7 (1998), there exists no absolute requirement that a petitioner "be physically confined in order to challenge his sentence on habeas corpus." *Maleng v. Cook*, 490 U.S. 488, 491 (1989). Custody requires that a petitioner be subject to "restraints 'not shared by the public generally.'" *Hensley v. Mun. Court, San Jose Milpitas Judicial Dist., Santa Clara County, Cal.*, 411 U.S. 345, 351 (1973) (*quoting Jones v. Cunningham*, 371 U.S. 236, 240 (1963)). For example, courts consider a petitioner to remain "in custody" when released to parole or probation. *See Jones*, 371 U.S. at 241-43 (parole); *United States v. Bryson*, 981 F.2d 720, 726 (4th Cir. 1992) (probation).

Nevertheless, a petitioner whose sentence has fully expired and is not subject to restrictions on his or her liberty is no longer "in custody." *See, e.g., Means v. Alabama*, 209 F.3d 1241, 1242 (11th Cir. 2000) (*citing Maleng*, 490 U.S. at 490-91). Courts lack jurisdiction to entertain habeas petitions when a petitioner is not in custody. *See Lyons v. Lee*, 316 F.3d 528, 532-33 (4th Cir. 2003) (denying certificate of appealability regarding district court's dismissal of habeas petition for lack of subject matter jurisdiction where petitioner was no longer in custody pursuant to challenged conviction); *United States v. Martin*, No. 90-6191, 1991 WL 195729, at *1 (4th Cir. Oct. 3, 1991) (explaining that the Supreme Court in *Maleng* "ruled that federal courts do not have jurisdiction over a habeas petition challenging a sentence which has fully expired").

### B. Artis is not "In Custody" as Required by 28 U.S.C. § 2254

Artis was not incarcerated pursuant to his DUI conviction when he filed the Petition. Although the Circuit Court imposed restrictions on Artis's driving privileges that appear to be in effect even today, such restraints are insufficiently burdensome to constitute "custody" for habeas purposes. *See Harts v. Indiana*, 732 F.2d 95, 96-97 (7th Cir. 1984) (concluding that a total suspension of driving privileges, without more, did not suffice to establish custody) (*citing Westberry v. Keith*, 434 F.2d 623, 624-25 (5th Cir. 1970); *Whorley v. Brilhart*, 359 F. Supp. 539, 541-42 (E.D. Va. 1973) (holding that a ten-year license revocation did not constitute "custody"). Artis's reply brief does not address the custody issue, and offers no grounds for concluding that he is subject to any other restraints on his liberty.

Artis has not established that he is in custody, so the Court lacks subject matter jurisdiction over the Petition. As such, Respondent's Motion to Dismiss will be GRANTED.

### III. Certificate of Appealability

An appeal may not be taken from the final order in a § 2254 proceeding unless a judge issues a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1)(A). A COA will not issue unless a prisoner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requirement is satisfied only when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (*quoting Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983)). No law or evidence suggests that Artis is entitled to further consideration in this matter. A certificate of appealability is therefore DENIED.

### IV. Conclusion

For the foregoing reasons, Respondent's motion to dismiss will be GRANTED. (Docket No. 7.) Artis's Petition will be DENIED, and the action will be DISMISSED. (Docket No. 1.) A COA will be DENIED.

An appropriate Order shall issue.

/s/ M. Hannah Lauck
United States Magistrate Judge

Date: 7-28-10
Richmond, Virginia

5